UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELVIN CLAUDIUS JOHNSON,<br><br>Defendant. | Criminal No.  08-022<br>(Mag. Crim. No. 07-272)<br>PLF/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged with the possession of counterfeit U.S. currency and materials indicative of counterfeit currency manufacturing, in violation of 18 U.S.C. § 471.  The undersigned United States Magistrate Judge conducted a consolidated preliminary and detention hearing on January 11, 2008.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Johnson                                                                                                              2

18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness was Special Agent Chad Brewer of the United States Secret Service. Agent Brewer testified that on December 9, 2006, the Metropolitan Police Department ("MPD") requested the Secret Service's assistance in the investigation of a traffic

United States v. Johnson                                                                                                    3

stop.[1]   Agent Brewer testified that the Secret Service found the following items in the car driven by the Defendant: (1) a multi-functional machine that served as a copier, scanner and printer; (2) scissors; (3) resume ` paper; (4) printed bills appearing to resemble the U.S. currency $20.00 bill; (5) straight edges: and (6) a laptop computer.  Agent Brewer also testified that the Secret Service recovered $480 partially cut and uncut counterfeit currency in the vehicle.  Agent Brewer testified that although the Secret Service did not locate the "parent" note, the genuine U.S. currency bill used to make copies, the Defendant possessed the capacity to make additional counterfeit bills.  Agent Brewer testified that the recovered counterfeit bills were produced using a multi-function scanner and printer.  Agent Brewer testified that during his subsequent investigation of the recovered counterfeit U.S. currency, he discovered 85 separate "hits" in the metropolitan area where these same counterfeit $20.00 bills were used.  Agent Brewer also testified that a search warrant was obtained to search the computer recovered from the car driven by the Defendant.  Agent Brewer testified that while there were no images of U.S. currency bills found on the computer, the Secret Service did recover several instances of fake driver licenses and social security cards, as well as, templates for a drivers' license for the state of New Hampshire and Maryland.

During cross examination, Agent Brewer testified that the Defendant was involved in a traffic stop on December 9, 2006 when he was stopped by MPD officers for driving an unregistered automobile.  Agent Brewer further testified that the Defendant was subsequently arrested for driving on a suspended license.  Agent Brewers testified that a MPD officer's report

---

[1] As part of his testimony, Agent Brewer adopted his sworn affidavit prepared in support of his application for an arrest warrant for Defendant.

United States v. Johnson                                                                                                                           4

indicated that a search incident to the Defendant's arrest revealed that the Defendant had 7 counterfeit $20 bills on his person and other uncut and partially cut twenty dollar bills were found in or near the driver's seat.  Agent Brewer testified that the computer and printer were found in the trunk area of the station wagon, in plain view, but that a search warrant was obtained for the contents of the vehicle and the laptop.  Agent Brewer testified that while there were no identifiers encoded in the computer to suggest the Defendant owned the computer, there were images of the Defendant on an unaltered Maryland drivers' license.  Agent Brewer also testified that the Secret Service did not perform any type of a forensic examination to link the computer, templates or fake ids to the Defendant.  Agent Brewer further testified that the Defendant did not make any contemporaneous statements of ownership of the items found in the car.  The agent testified that, at the time of the traffic stop, there were two other occupants in the vehicle who were not subsequently charged or held by law enforcement officials.

On re-direct examination, Agent Brewer testified that the Secret Service has videotaped footage of the Defendant selling fake identification cards.  Agent Brewer also testified that in July, when the Defendant was arrested in Maryland for drug charges, law enforcement officers found $6,250.00 in counterfeit U.S. currency on his person.

Counsel for the government, in further support of the government's request for pretrial detention, proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that the Defendant has an extensive criminal record.  Counsel for the government further proffered that, at the time of the instant incident, the Defendant had recently completed a period of incarceration for violation of his probation in Prince George's County, Maryland.  The government also proffered that the Defendant is not amendable to court-imposed conditions of

United States v. Johnson                                                                                                                5

release.  In support of its argument, counsel for the government proffered that the Defendant failed to appear in court, on at least three separate instances; violated his probation more than once; and is not permitted to continue living at his mother's residence.  Counsel for the government, in support of the government's argument that the Defendant is a flight risk, proffered that the Defendant will be facing a substantial period of incarceration after he is indicted on additional charges involving the conspiracy to counterfeit U.S. currency for a total loss valued at $1.4 million.

Counsel for the Defendant offered no evidence and submitted on the issue of probable cause[2].  The Defendant requested that the court consider pretrial placement in a halfway house to permit him the opportunity to seek and maintain employment.  In support of his request, the Defendant, through his counsel, proffered that the instant offense is not a crime of violence; the Defendant's mother is now amendable to the Defendant residing in her home; the Defendant would likely face a 84-month term of imprisonment given his past 12 convictions, if convicted of a criminal offense totaling a loss of $1.4 million; the Defendant has a physical disability that allows only the use of one eye.

## IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds that the government has shown by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure the Defendant's appearance in court when his appearance is required.  First, the nature and circumstances of the

---

[2] The court found that there was probable cause.

United States v. Johnson                                                                                                              6

offense charged indicate that the Defendant was engaged in the manufacture of counterfeit U.S. currency.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release.  Of particular significance is the Defendant's record of three previous instances of failing to appear in court, his 12 prior criminal convictions and his violations of conditions of community supervision.

The undersigned finds that the evidence offered and proffered by the government, compel the conclusion that the Defendant is not amenable to community supervision.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the January 11, 2008 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

March 4, 2008
DATE


January 11, 2008
NUNC PRO TUNC