UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 08-022 (PLF) |
| v. : | |
| : | |
| MELVIN C. JOHNSON : | |
| : | |
| Defendant, : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Memorandum in Aid of Sentencing the defendant **MELVIN C. JOHNSON**, currently scheduled for June 18, 2008 at 2:00 p.m.

FACTUAL BACKGROUND

On Saturday, December 9, 2006, **MELVIN C. JOHNSON** was stopped by officers with the Metropolitan Police Department ("MPD") in Washington, D.C., for traffic violations. MPD officers arrested JOHNSON for operating an unregistered automobile and for doing so without a valid driver license. During the search incident to arrest, the MPD officers found counterfeit U.S. currency on **JOHNSON's** person. Incident to his arrest, the officers searched the vehicle **MELVIN C. JOHNSON** was driving and found partially cut counterfeit U.S. currency, as well as items indicative of counterfeit currency manufacturing, including a laptop computer, a scanner and printer which were observed in the rear hatchback area of the vehicle. Upon recovery of the counterfeit currency, MPD officers contacted Secret Service Special Agent Chad Brewer. The total amount of counterfeit currency in defendant **MELVIN C. JOHNSON's** possession was $520 in $20 denominations of Federal Reserve notes.

On December 12, 2006, Special Agent Brewer obtained a search warrant for the vehicle authorizing the search and seizure of evidence of the manufacture of counterfeit U.S. currency, both within the vehicle and the hard drive of the laptop computer. This search warrant was executed on December 13, 2006. During the search, agents of the U.S. Secret Service located and seized a Dell Latitude laptop computer, Service Tag 8B68E, as well as the scanner and printer noted above, and numerous other equipment and supplies, suspected to have been used for the manufacture of counterfeit U.S. currency.

A subsequent search of the laptop computer revealed, in addition to images of U.S. currency, several images that could be used in producing fraudulent checks and false identification documents. These images include: several states' driver's licenses and identification cards, including those from Maryland, Virginia, the District of Columbia, Delaware, New Hampshire, and others; Social Security cards; blank credit cards, scanned signatures, scanned checks, and scanned Western Union money orders.

On July 11, 2007, Mount Ranier. Maryland Police Officer O. Wilson approached defendant **MELVIN C. JOHNSON** who was with two other men in a park in the area of 2900 Arundel Road, an area known be a high drug area. As he approached, he smelled a strong odor of marijuana where the three men were sitting.

Upon further investigation, a marijuana cigarette was found next to defendant **MELVIN C. JOHNSON's** foot. To the right of **JOHNSON**, Officer Wilson found a counterfeit one hundred dollar bill and counterfeit ten dollar Federal Reserve notes printed on sheets of paper. In a search incident to his arrest, a total of $6,260 in counterfeit U.S. currency was found on the defendant's person, bringing the total loss amount to $6,780. When asked to whom the counterfeit bills

belonged, defendant **JOHNSON** responded that everything belonged to him. Defendant **MELVIN C. JOHNSON** was then placed under arrest and transported to the Upper Marlboro Police Department.

## GUIDELINE RANGE

Undersigned counsel agrees with the United States Sentencing Guidelines ("U.S.S.G. or Guidelines") calculations prepared by the Presentence Report Writer – that is that the base Offense level is 9 (U.S.S.G. § 2B5.1(a)) and that there should be a 2 point increase because the defendant possessed in excess of $5,000 in counterfeit U.S. currency (U.S.S.G. §§ 2B5.1(b)(1)(B and 2B1.1(B)). Finally there should be a 2 point adjustment for acceptance of responsibility, making the total offense level 9. The government further agrees that the defendant has 18 Criminal History Points and that his Criminal History Category should be V I. Thus the defendant's U.S.S.G. range is 21 to 27 months (U.S.S.G 5 Pt. A.).

## SUGGESTED SENTENCE

The government suggests that the defendant be given a sentence at the high-end of the Guidelines, followed by three years of supervised release. Although the 35 year old defendant does not have a lengthy history of violence, he nonetheless has 16 prior convictions and he has been arrested on at least 18 occasions, some of those arrests being for assaultive conduct. His second counterfeiting offense, noted above, was a result of the defendant brazenly smoking marijuana in a public park. Moreover, many of his prior convictions are for economic offenses similar to the instant offense, as well as for the possession or use of illegal drugs. Furthermore, the defendant has also been known to violate his probation on a number of occasions. What his criminal history clearly demonstrates is that the defendant has absolutely no regard for authority or for the law. Looking at

his criminal history, defendant, **MELVIN C. JOHNSON** has been given breaks, time after time, to no avail. Plainly put, defendant **MELVIN C. JOHNSON** is incorrigible and he should not be given any further breaks, other than the 2 point adjustment for Acceptance of Responsibility.

With respect to 18 U.S.C. § 3553(a), which outlines the factors to be considered in sentencing the defendant, in addition to the Guidelines, the Court must consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, deterrence of criminal behavior, protection of the public and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. First, the counterfeiting of United States currency is a serious crime. Second, in light of the defendant's utter disrespect for the law, perhaps a lengthy period of incarceration would serve to teach the defendant the value of holding the law and authority in high esteem. If nothing else, a lengthy incarceration will hopefully deter the defendant from committing while incarcerated and thereafter when he is released.

Prior to the entry of his plea, I had an opportunity to talk to the defendant with his counsel and observed that the defendant clearly is an intelligent man. This fact was also revealed at the defendant's plea hearing. Indeed, during his interview with the Probation Officer who authored his Presentence report, the defendant proclaimed that he had "extreme computer literacy." In addition, he comes from a family which for the most part has a strong work ethic. His father is a cab driver, his mother is a weapons analyst with the Bureau of Alcohol, Tobacco and Firearms, he has a twin sister who has a degree in Business Administration and another sister who is a student at the University of Maryland. Moreover, the defendant himself has taken some college courses. His

spotty record of legal employment and attendance at school, although he has the ability to do both, coupled with his lengthy criminal history indicate just one thing – that is that defendant, **MELVIN C. JOHNSON** made a conscious choice of a life of crime over a life as a productive, law-abiding citizen. For the foregoing reasons, and any other reasons that might be the government recommends a sentence at the high end of the Guidelines.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY
                    D.C. Bar Number: 498610

By:        /S/
                    DEBRA L. LONG-DOYLE
                    D.C. Bar No. 362518
                    Assistant United States Attorney
                    Federal Major Crimes
                    555 4th Street, N.W., 4th Floor
                    Washington, D.C. 20530
                    (202) 305-0634
                    Debra.Long-Doyle@USDOJ.Gov